774 So.2d 388 (2000)
MISSISSIPPI DIVISION OF the UNITED SONS OF CONFEDERATE VETERANS
v.
MISSISSIPPI STATE CONFERENCE OF NAACP BRANCHES, et al.
Nos. 94-CA-00615-SCT, 94-CA-00099-SCT and 96-CA-01167-SCT.
Supreme Court of Mississippi.
May 4, 2000.
Rehearing Denied December 29, 2000.
Stone Deavours Barefield, Hattiesburg, Michael Clayton Barefield, Shane F. Langston, Jackson, Attorneys for Appellant.
Office of the Attorney General by T. Hunt Cole, Jr., Attorneys for Appellees.
BEFORE PITTMAN, P.J., MILLS AND COBB, JJ.
PITTMAN, Presiding Justice, for the Court:

I.
¶ 1. On April 19, 1993, the Mississippi State Conference of NAACP Branches, the Jackson, Mississippi NAACP Branch, and eighty-one individual African-Americans *389 (referred to collectively as the "NAACP") filed a lawsuit in the Chancery Court for the First Judicial District of Hinds County, Mississippi, against Kirk Fordice in his capacity as Governor of the State of Mississippi. The NAACP sought declaratory relief and an injunction against any future purchases, displays, maintenance or expenditures of public funds on the State Flag.
¶ 2. The Mississippi Division of the United Sons of Confederate Veterans (USCV) was permitted to intervene as a defendant in this cause. Governor Fordice and the USCV moved to dismiss. On June 14, 1993, the trial court entered an order dismissing the NAACP's Complaint pursuant to Miss. R. Civ. P. 12(b)(6) and granting leave to amend.
¶ 3. The NAACP filed its First Amended Complaint on July 6, 1993, which alleged all causes of action advanced in the initial complaint and added the State of Mississippi as a party defendant, as well as an equal protection argument. The NAACP filed a Second Amended Complaint on July 9, 1993, which merely added additional party plaintiffs. Governor Fordice, the State, and the USCV again moved for dismissal, or in the alternative, summary judgment. After a hearing and the issuance of an opinion on October 1, 1993, the trial court entered an order on November 15, 1993, dismissing the NAACP's First and Second Amended Complaints pursuant to Miss. R. Civ. P. 12(b) and 56.[1]
¶ 4. On November 23, 1993, the USCV filed a Rule 59(e) Motion to Amend Judgment to include sanctions, pursuant to Miss. R. Civ. P. 11, and the Mississippi Litigation Accountability Act, Miss.Code Ann. §§ 11-55-1 et seq. (Supp.1996), seeking only the reimbursement of attorney's expenses. On December 13, 1993, the NAACP appealed the dismissal of the Complaints. This Court remanded the entire case back to the trial court until the sanctions issue was resolved. The trial court, after a hearing on the merits, denied the USCV's motion for sanctions pursuant to order dated September 24, 1996.
¶ 5. By order dated May 24, 1999, and filed May 27, 1999, this Court reinstated the NAACP's cross-appeal challenging the lower court's dismissal. The issues on appeal concern the denial of the USCV's motion for sanctions and the NAACP's challenges to the constitutionality of the Mississippi State Flag solely on the grounds of Mississippi's Constitution. As such, the constitutionality of the State Flag is one of first impression for this Court.
¶ 6. Because this Court deems the issue to have arguable merit, sanctions against the NAACP are inappropriate. The briefs in this case were replete with arguments meant to stimulate the biases of the various segments of our citizenry rather than to seek an application of the law. For this Court, the law represents its singular focus.
¶ 7. Without question, the State Flag that contains within it the Confederate Battle Flag may be flown by the State without violation of the Mississippi or United States Constitutions. The constitutionality of the use of the Confederate Battle Flag under the United States Constitution was clearly decided in Coleman v. Miller, 912 F.Supp. 522, 531 (N.D.Ga. 1996), aff'd, 117 F.3d 527 (11th Cir.1997), and NAACP v. Hunt, 891 F.2d 1555 (11th Cir.1990). In both instances, the respective federal courts found no constitutional fault.
¶ 8. The decision to fly or adopt a state flag rests entirely with the political branches. In Daniels v. Harrison County Bd. of Supervisors, 722 So.2d 136 (Miss. 1998), this Court quoted Hunt as persuasive authority in ruling that the decision by a county board of supervisors to fly the Confederate Battle Flag is a "`political matter,' the remedy for which lies within the democratic process...." Daniels, 722 *390 So.2d at 138 (quoting Hunt, 891 F.2d at 1565). The Court concluded that "[t]he judiciary is not empowered to make decisions based on social sensitivity." Daniels, 722 So.2d at 138 (quoting Hunt, 891 F.2d at 1565).
¶ 9. Although the NAACP contends that the flying of the State Flag violates their constitutional rights to free speech and expression, due process, and equal protection as guaranteed by the Mississippi Constitution, these arguments fail to satisfy the threshold inquiry of constitutional injury. In Daniels, this Court determined that the flying of a Confederate Battle Flag by a county board of supervisors does not violate any constitutionally protected rights, essentially finding that there was no injury.
¶ 10. While the State Flag is not simply a Confederate Battle Flag, the part of the State Flag found objectionable by the NAACP and others is the depiction of such Confederate flag in the State Flag's canton corner. Furthermore, the free speech, the due process and the equal protection arguments espoused by the NAACP would logically apply to the state-supported flying of a Confederate Battle Flag. Thus, the Daniels decision is controlling precedent. Neither the flying of the State Flag, nor the flag itself, causes any constitutionally recognizable injury. In this case, the NAACP failed, as did the plaintiffs in Daniels, to offer any proof that the flying of the State Flag deprives any citizen of a constitutionally protected right.

II.
¶ 11. As recorded in the 1894 Journals of the Mississippi Senate and House of Representatives, the saga of the current Mississippi State Flag began on January 22, 1894, when Governor J.M. Stone delivered the following message to the state Senate and House of Representatives:
Gentlemen: I respectfully submit for your consideration a question often asked of Mississippians, the inability of which to answer sometimes confuses their sense of patriotic ardor and puts their State pride before a point of interrogation. That question is "What is the Coat of Arms of Mississippi; what is your State Flag?"
The humiliating answer is, "We have no Coat of Arms; we have no State Flag!"
Prior to the year 1861 there seems to have been no action taken on these subjects. In that year a convention of the people of Mississippi did adopt a Coat of Arms and Flag for the State. But in August 1865, another convention was in session, and on the 23d of that month the Ordinance of 1861, creating a Coat of Arms and State Flag, was abrogated, the Coat of Arms and State Flag abolished, and since that time the State has had neither.
The Coat of Arms adopted was:
"A magnolia tree containing a nest of eagles, which are being defended by the mother bird from the attack of a serpent; a bale of cotton, plow, steamboat, citizen-soldier, fortifications and cannon, with motto: `Istis Denfensoribis.'"
The flag was:
"A white ground, a magnolia in the center, a blue field in the upper left hand corner, the flag surrounded with a red border, and a red fringe at the extremity."
I present the matter, and recommend that a Coat of Arms and State Flag be adopted.
¶ 12. On January 23, 1894, the Governor's message was referred to a Special Committee of the Senate to consider the matter and to make a recommendation. After due consideration the Special Committee, through Senate Committee Chairman Will T. Martin, submitted to the Senate on February 5, 1894, the following report:
Report of the Joint Committee on Flag and Coat-of-Arms for the State: Mr. PresidentThe Joint Committee on the *391 Preparation and Report of Designs for a State Flag and Coat-of-Arms has had under consideration the matters referred to them, and have instructed me to report back with the following recommendations:
Accompanying this report the Committee submit designs, as well prepared as the time allowed would permit. They recommend for the flag one with width two-thirds of its length; with the union square, in width two-thirds of the width of the flag; the ground of the union to be red and broad blue saltier thereon, bordered with white and emblazoned with thirteen (13) or five-pointed stars, corresponding with the number of the original States of the Union; the field to be divided into three bars of equal width, the upper one blue, the center one white and the lower one, extending the whole length of the flag, red-the national colors; the staff surmounted with a spear head and a battle-axe below; the flag to be fringed with gold and the staff gilded with gold.
* * *
The committee report a bill, and recommend its passage. Title sufficient.
¶ 13. That same day, Senate Bill No. 134, "an Act to adopt the Mississippi State Flag and Coat-of-Arms, and to provide the expense of procuring the same and for the preservation thereof" was introduced. Upon suspension of the rules, the bill was read a first and second time and, by unanimous consent the bill was read the third time, considered engrossed, and passed.
¶ 14. On February 6, 1894, the House adopted the report of the Special Committee and took up Senate Bill No. 134. After the bill was read the third time, the bill adopting a Coat-of-Arms and the Flag passed.
¶ 15. On February 7, 1894, Senate Bill No. 134 was enrolled, signed by the presiding officers of both Houses, and transmitted to the Governor. The following day, the Senate was informed that the Governor had approved and signed into law Senate Bill No. 134, thus adopting the Mississippi State Flag and Coat-of-Arms. Chapter 37, Laws of 1894, reads:
An Act to adopt the Mississippi State Flag and Coat-of-Arms and to provide for the expense of procuring the same, and for the preservation thereof.
SECTION 1. Be it enacted by the Legislature of the State of Mississippi, That the report of the committee on the adoption of a State Flag and State Coat-of-Arms be adopted; and the Flag and the Coat-of-Arms, designs of which accompany said report, and as therein described and recommended, be and the same are accepted as the State Flag and the State Coat-of-Arms.
* * *
SECTION 4. This act to take effect and be in force from its passage. Approved February 7, 1894.
¶ 16. For over one hundred years the current flag has flown as the State Flag of Mississippi. In 1906, however, (under provisions of an act approved by the legislature on March 19, 1904) the laws of Mississippi were codified, and the following section penned under the Act of Adoption of the Mississippi Code of 1906:
SECTION 13. On and after the first day of October, 1906, all laws of a general character not brought forward and embodied in the Mississippi code of 1906 shall be thereafter repealed; but this shall not apply to any act of the legislature adopted at the present session thereof.
(emphasis added).
¶ 17. Chapter 37, Laws of 1894, which adopted the State Flag and State Coat-of-Arms is a general law which was not brought forward in the Code of 1906; and therefore, it was repealed by legislative prerogative in accordance with Section 13 of the Act of Adoption of the Mississippi Code of 1906. Consequently, the State of Mississippi has no existing law establishing or promulgating a flag for the State. The *392 current flag is Mississippi's flag by custom and usage only. Because Chapter 37, Laws of 1894 was repealed by the Code of 1906, the NAACP's contention that such law is unconstitutionally vague is moot. This does not mean that the State must remove the flag currently in use.
¶ 18. Whether the flag currently in use continues as the State Flag by use and custom is a political decision. We find that the continued usage does not deprive any citizen of any constitutionally protected right. Mississippi has no State Flag created, described or adopted by law; however, it is beyond this Court's power and intent to order the removal of the flag currently used. The decision to adopt or not adopt a flag for Mississippi is wholly within the power of the Mississippi legislature and the executive branch of government, now, as it was in 1894 when the current flag was adopted and in 1906 when the flag statute was repealed. The judgment of the chancery court is affirmed, though the holding of this Court today is based on the legislative repeal of the statute authorizing and creating a State Flag. Therefore, the judgment of the Hinds County Chancery Court is affirmed.
¶ 19. AFFIRMED ON DIRECT APPEAL. AFFIRMED ON CROSS-APPEAL.
PRATHER, C.J., SMITH, MILLS AND DIAZ, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. BANKS, P.J., McRAE AND WALLER, JJ., NOT PARTICIPATING.
NOTES
[1] Judging by the Opinion of the Court, the Chancellor granted summary judgment.